# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ALLURA FIBER CEMENT SIDING
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2886

## TRANSFER ORDER

**Before the Panel**: Plaintiff in one action in the Southern District of Ohio moves under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Ohio. This litigation currently consists of seven actions pending in seven districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of two additional related federal actions.[1]

All responding plaintiffs support centralization in the Southern District of Ohio.[2] Defendants Plycem USA LLC, Elementia USA, Inc., and Elementia S.A.B. de C.V. oppose centralization and, alternatively, propose the District of South Carolina as the transferee district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions concerning alleged defects in exterior fiber cement siding products manufactured and sold by common defendants Plycem USA, LLC, Elementia USA, LLC, and Elementia S.A.B. de C.V., which allegedly are close corporate affiliates and act as alter egos of one another. More specifically the actions commonly allege that (1) defendants' fiber cement siding products sold under the names Allura and Maxitile are defective because they have a propensity to crack, peel, warp, and break off soon after installation; (2) defendants misrepresent that the products have a service life of fifty years, but fail in less than five years; and (3) defendants uniformly misrepresent to customers that the problems are caused by improper installation, rather than a known product defect. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The related actions are pending in the Western District of North Carolina and the Western District of Kentucky. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] During the Panel briefing, responding plaintiffs in four actions filed briefs in support of the Southern District of Ohio, and plaintiffs in two actions (*Friday* and *Juvland*) argued in favor of the District of Kansas and District of Minnesota, respectively. At oral argument, movant's counsel represented that plaintiffs in *Friday* and *Juvland* had changed their positions and now support the Southern District of Ohio.

-2-

In opposing centralization, defendants principally argue that the actions lack common factual issues based on the assertion that they involve two materially different brands of fiber cement siding – the Allura product line in three actions, and the Maxitile product line in four actions[3] – and they intend to assert case-specific defenses that focus on alleged improper installation of their products in plaintiffs' homes. Defendants further contend that informal coordination of common discovery is preferable to centralization. On balance, we find that centralization still is warranted. The involvement of two product lines in this litigation and case-specific installation issues do not preclude centralization, considering that the products and alleged failures are substantially similar in all actions – all involve fiber cement siding products allegedly made by the same group of affiliated defendants, and the products allegedly fail in the same manner. Additionally, the defendants allegedly followed a common course of conduct in their marketing of the durability and expected life of the products and in handling claims submitted under their warranty program.[4] Informal coordination of the common issues does not appear practicable given the number of involved districts and counsel. The actions (including potential tag-along actions) are pending in eight dispersed districts, and plaintiffs are represented by eight distinct counsel.

Defendants also object to centralization based on the asserted likelihood their pending and anticipated motions to compel individual arbitration will be granted, obviating the need for further pretrial proceedings in any of these actions. But such an assessment of the merits of the actions is beyond the Panel's authority. *See In re: Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012) ("'[t]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations'") (quoting *In re: Kauffman Mut. Fund Actions*, 337 F. Supp. 1337, 1339-40 (J.P.M.L.1972)). Thus, where the litigation involves common factual questions, centralization may be appropriate even though defendants predict that they will prevail on dispositive motions prior to commencement of discovery.[5]

---

[3] Defendants thus contest the presence of a common defect and, in particular, plaintiffs' theory that both brands contain fly ash.

[4] As the litigation progresses, it may become apparent that the asserted differences in the product lines or case-specific issues outweigh the benefits of common discovery and other coordinated pretrial proceedings. Should the transferee judge deem remand of any claims or actions appropriate, then he may accomplish this by filing a suggestion of remand with the Panel. *See* Panel Rule 10.1. As always, we trust such matters to the sound judgment of the transferee judge.

[5] *See, e.g., In re: Uber Tech., Inc., Data Security Breach Litig.*, 304 F. Supp.3d 1351 (J.P.M.L. 2018) (centralizing ten actions over defendant's objection that "motions to compel individual arbitration will be granted in all actions, prior to the commencement of any discovery," explaining that "such an assessment of the merits of the actions is beyond the Panel's authority"); *In re: Anheuser-Busch Beer Labeling Mktg. and Sales Practices Litig.*, 949 F. Supp. 2d 1371, 1371 n.2 (J.P.M.L. 2013) (centralizing actions over defendant's objection that "little or no discovery will be required in light of the defenses raised in its pending motions to dismiss").

-3-

We conclude that the District of South Carolina is an appropriate transferee forum. One action on the motion is pending there, and the district is conveniently located for a number of parties and potential witnesses in the southeastern region of the country. Defendants support this district if centralization is granted over their objection. Further, centralization in the District of South Carolina enables us to assign the litigation to Judge David C. Norton, an experienced transferee judge with the willingness and ability to manage this litigation. We are confident he will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of South Carolina are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable David C. Norton for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

IN RE: ALLURA FIBER CEMENT SIDING
PRODUCTS LIABILITY LITIGATION                              MDL No. 2886

## SCHEDULE A

<u>Southern District of Iowa</u>

DEVRIES, ET AL. v. ALLURA USA LLC, ET AL., C.A. No. 4:19-00014

<u>District of Kansas</u>

FRIDAY v. ALLURA USA LLC, ET AL., C.A. No. 2:18-02701

<u>District of Massachusetts</u>

LUONGO v. ALLURA USA LLC, ET AL., C.A. No. 1:19-10143

<u>District of Minnesota</u>

JUVLAND v. ALLURA USA LLC, ET AL., C.A. No. 0:18-03492

<u>Western District of North Carolina</u>

JOHNS, ET AL. v. ALLURA USA LLC, ET AL., C.A. No. 3:18-00669

<u>Southern District of Ohio</u>

GUINN v. ALLURA USA LLC, ET AL., C.A. No. 1:18-00858

<u>District of South Carolina</u>

LOWE, ET AL. v. ALLURA USA LLC, ET AL., C.A. No. 2:18-03160