**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: ALLURA FIBER CEMENT | ) | |
| SIDING PRODUCTS LIABILITY | ) | No. 2:19-mn-2886-DCN |
| LITIGATION. | ) | **ORDER** |
| _____ | ) | |

**ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, AND APPROVING DISTRIBUTION OF CLASS NOTICE**

WHEREAS, the Court has reviewed and considered the Motion for Preliminary Approval of Proposed Settlement, by which Settlement the Parties intend to resolve the claims of a proposed class of homeowners whose homes are clad with Allura Siding made with fly ash;

WHEREAS, a Settlement Agreement entered into as of October 12, 2020 sets forth the terms and conditions of Settlement,

WHEREAS, this Court has fully considered the record created prior to the parties reaching a Settlement, and has considered all the papers submitted in support of the Settlement, namely the claim form, opt-out form, agreed guidance regarding installation requirements, notice documents, and press release regarding the Settlement Agreement;

WHEREAS, the Court is satisfied that the Settlement could be approved at a final hearing after due notice to the class, and that the proposed class could be certified for settlement purposes,

IT IS THIS 18th day of December, 2020, **ORDERED** that the Settlement is **PRELIMINARILY APPROVED**, but is subject to further consideration at the Final Approval Hearing provided for below. The Court further finds and orders as follows.

1

## PRELIMINARY APPROVAL OF SETTLEMENT

1. Unless otherwise indicated, all terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement before the Court.

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district in light of the Judicial Panel on Multidistrict Litigation designating the Court as a transferee court of actions relating to Allura Siding.

3. The Court has personal jurisdiction over the named Plaintiffs, Settlement Class Members, and Defendants Plycem USA LLC and Elementia USA, Inc.

4. The Settlement was the result of the parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations with the aid of an experienced mediator and without collusion.

5. The extensive proceedings that occurred before the Parties reached the Settlement Agreement gave counsel opportunity to adequately assess the strengths and weaknesses of the claims of the proposed Settlement Class Members, and thus to reach a resolution in a way that adequately accounts for those strengths and weaknesses.

6. The Court has reviewed the Claims Program Procedures and Compensation set forth in Sections 7 and 9 of the Settlement Agreement and finds that they appear fair, reasonable and adequate to provide compensation to Settlement Class Members, taking into account the risks of litigation and the ability of Settlement Class Members to pursue claims against builders and contractors who installed the Siding. The Court further finds that the Claims Program Procedures appear fair based on the posture of the case, the extent of discovery that has been conducted, the circumstances surrounding the negotiations, and the experience of counsel in the area of class action litigation.

7. The Settlement is adequate considering the relative strength of the Plaintiffs' case on the merits, the existence of difficulties of proof or strong defenses the Plaintiffs are likely to encounter if the cases go to trial, and the anticipated duration and expenses of additional litigation.

8. The Settlement falls well within the range of reason. The Settlement has no obvious deficiencies. The proposed Settlement does not unreasonably favor the Named Plaintiffs or any segment of the proposed Class.

9. Because the Settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Settlement, including the Settlement Agreement and all of its exhibits.

10. The Parties shall begin execution of the terms of the Settlement Agreement and shall proceed to prepare for a final approval and fairness hearing.

## CONDITIONAL CERTIFICATION OF CLASS

11. The proposed Settlement Class meets the requirements of Rule 23(a).

   a. There are tens of thousands of members of the Class situated across the United States, satisfying numerosity there are common issues of law and fact for the Settlement Class Members, including whether:

      i. the Siding is defective;

      ii. Plycem knew or should have known about the alleged defective condition of the Siding;

      iii. Plycem concealed and/or failed to disclose the alleged defective condition of the Siding to consumers, and their installers and builders;

          iv.    The Limited Warranty issued by Plycem for the Siding requires arbitration of the claims of Class Members and limits the liability of Plycem; and

          v.    Plycem was negligent in its design, formulation, and/or manufacture of the Siding.

    b.    The claims of the Named Plaintiffs are typical of the claims of the Settlement Class that they represent in that they allege that they are owners of homes clad with the Siding and have suffered Qualifying Damage.

    c.    The Named Plaintiffs will fairly and adequately represent the Settlement Class. This is demonstrated as the Named Plaintiff's interests are not opposed to those of other class members, and the plaintiff's attorneys are qualified, experienced, and capable.

12.    The Court appoints Amanda Lowe, Krista Krouse, Christopher Krouse, Donna Johns, Jameson D. Storm, Andrew Harmel, Antonetta Luongo, and Robert Severance as class representatives and finds that they will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interests of the Class Representatives are not antagonistic to those of the Settlement Class. The Named Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

13.    The Court preliminarily finds that the following counsel will fairly and adequately represent the interests of the Settlement Class and hereby appoints Daniel K. Bryson, Scott C. Harris, Harper T. Segui of Whitfield Bryson, LLP, Phillip W. Segui, Jr. of Segui Law Firm, PC, Gregory F. Coleman and Rachel Soffin of Greg Coleman Law PC, William F. Cash, III and Matt Schultz, Levin, Papantonio, Thomas, Mitchell, Rafferty &

Proctor, P.A., Mitchell M. Breit of Simmons Hanly Conroy, LLC, and Michelle J. Looby of as Class Counsel for the Settlement Class.

14. The Court further finds that the requirements of Rule 23(b)(3) are satisfied, as a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

15. The Court conditionally certifies a Settlement Class as follows:

> All individuals or entities who, as of the Effective Date, own a single-family house in the United States on which the Siding is installed. Excluded from the Settlement Class are:
>
>> All persons who timely opt out of this Settlement under Federal Rule of Civil Procedure 23;
>>
>> Owners of multi-family and commercial buildings;
>>
>> Plycem employees; and
>>
>> The Judge to whom this case is assigned and any member of the Judge's immediate family.

16. Where the home with Siding is owned jointly, the Settlement Class Member shall include all persons on the title to the home. A co-owner may make a Claim or opt-out on behalf of the other owners, where he/she has the authority to do so. Otherwise, each owner must join in any submission of a Claim or opt-out.

17. In making these preliminary findings on certification of a Settlement Class, the Court has considered, among other things, the interest of Settlement Class members in controlling the prosecution of their separate claims, the practicability and efficiency of prosecuting separate actions, the extent and nature of litigation concerning these claims, and the desirability of concentrating the claims in one forum.

18. The Court will make a final determination on certification for settlement purposes concurrently with its final determination whether to approve the Settlement.

## APPOINTMENT OF CLAIMS ADMINISTRATOR AND ADJUDICATOR

19. With the consent of the Parties, the Court appoints Angeion Group as the Claims Administrator. The Court finds that Angeion Group has the experience and qualifications to perform the tasks set forth in the Settlement Agreement.

20. The Claims Administrator will have responsibility as trustee to manage compensation to be paid from the Settlement Fund, including payment of the costs of notice and administration prior to the Final Approval Hearing. The Settlement Fund is a fund in court and until distributed to Settlement Class Members shall be deposited in an income-generating escrow account as agreed by the Parties.

21. The Claims Administrator is authorized to enter into agreements with such persons as are necessary to implement the Settlement Agreement prior to the Final Approval Hearing.

22. With the consent of the Parties, the Court appoints Angeion Group as Adjudicator to perform the tasks, responsibilities and duties set forth in the Settlement Agreement.

23. The compensation and costs of the Claims Administrator, Notice Agent and Adjudicator shall be paid out of the Settlement Fund, and approved by the Court. The Court approves on a preliminary basis the proposed fees set forth in the Declaration of Steve Weisbrot.

## APPROVAL OF NOTICE PLAN

24. The Notice Plan is set forth in the Declaration of Steve Weisbrot.

25.    The Court finds that the content of the proposed Settlement Notices, satisfies the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e)(1), and Due Process and accordingly approves those Settlement Notices and Claim Forms.

26.    This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Notice Plan. The Court finds that the Notice Plan provides due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed settlement, and informs class members as to how they may exclude themselves from the class.

27.    The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e)(1), and Due Process.

28.    The proposed Notice provides the best notice practicable under the circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

29.    The Notice includes the date and time of the Final Approval Hearing and specifies the procedure for opting out, filing objections, and appearing at the Final Approval Hearing.

30. The Notice will effectively reach the class, will come to the attention of the class, is informative and easy to understand, and the rights and options are easy to act upon. Further, a high percentage of the proposed class can be reached, the method is economically viable to adequately notify the class, and unknown class members will understand that they are included.

31. Notice to the Class shall commence within 30 days from the entry of this Order.

## FINAL APPROVAL HEARING

32. The Court directs that pursuant to Fed.R.Civ.P. 23(e)(2) a hearing will be held on May 17, 2021 to consider final approval of the Settlement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues: (a) whether the Class should be certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the Settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of an award of service payments to the Named Plaintiffs.

33. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Claims Administrator's websites.

34. The Parties shall file a motion for final approval 14 days prior to the Final Approval Hearing, together with any memoranda or submissions of the Parties in support of final approval. A copy of the motion and supporting materials shall be posted on the Settlement website.

35. At the hearing, any member of the proposed Settlement Class may be heard in support of the Settlement, or, if he or she has timely submitted written objections, in opposition to the Settlement.

36. The Court finds that preliminary certification of a settlement class and preliminary approval of the Settlement and all actions associated with them, are undertaken on condition that they will be vacated if the Settlement is not approved or is terminated. The Settlement and all actions associated with it shall not be offered, received or construed as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of any misrepresentation or omission in any statement or written document approved or made by the Parties or the certifiability or non-certifiability of any class.

37. If the Settlement does not become effective, Plycem and any other Released Persons shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed.R.Civ.P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). These actions shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

**REQUESTS FOR EXCLUSION**

38. Any member of the Settlement Class who desires to request exclusion (opt-out) from the Settlement Class shall submit to Lead Counsel an appropriate and timely request to the address stated in the Notice on or before 90 days from entry of this Order.

39. In order to be effective, the Request for Exclusion must include: (a) the name of the Litigation; (b) the Person's full name, address and telephone number; (c) a specific statement of the Person's intention to exclude himself or herself from the Settlement; (d) the identity of counsel, if the Person is represented; and (e) the Person's signature and the date on which the request was signed.

40. The Opt-Out procedure set forth in the Settlement Agreement is hereby approved.

41. A Settlement Class Member may revoke his or her opt-out and thereby receive the benefits of the Settlement by submitting a written request to Lead Counsel on or before the OptOut Revocation deadline.

42. Lead Counsel shall compile and serve on Plycem a list of valid Opt-Outs by no later than 7 days after the deadline to Opt-Out.

43. Exclusions shall be exercised individually by a Settlement Class member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants or third-party claims organizations.

44. Any Settlement Class member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action.

## OBJECTIONS TO THE SETTLEMENT

45. Persons wishing to object to the proposed Settlement shall adhere to the following procedures, as set forth in Section 13.8 of the Settlement Agreement.

46. To object, a member of the Settlement Class, individually or through counsel, must submit a written objection to the Court, and must also serve a copy thereof upon the following, within 90 days from entry of this Order.

| **Counsel for Plaintiffs** | **Counsel for Defendants** |
|---|---|
| Daniel K. Bryson<br>Harper T. Segui<br>Whitfield Bryson, LLP<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>dan@whitfieldbryson.com<br>harper@whitfieldbryson.com | Robert L. Hickok<br>Anthony Vale<br>Leah Greenberg Katz<br>Troutman Pepper Hamilton Sanders LLP<br>3000 Two Logan Square<br>Philadelphia, PA 19103<br>Robert.Hickok@troutman.com<br>Anthony.Vale@troutman.com<br>Leah.Katz@troutman.com |

47. Any member of the Settlement Class who files and serves a written objection by the deadline containing a written statement of intent to appear at the Fairness Hearing in the manner prescribed by the Notice, may appear at the Fairness Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class Member's expense, to object to the fairness, reasonableness or adequacy of the proposed Settlement. Any attorney representing a member of the Settlement Class for the purpose of making objections must also file a Notice of Appearance with the Clerk, and must also serve copies by mail to the counsel listed above.

48. Any objection to the Settlement must include (i) the Settlement Class Member's full name and current address and telephone number; (ii) the address of the structure(s) that may contain the Siding; (iii) approximate date of installation of the Siding; (iv) the exact nature of the objection; (v) whether or not the Settlement Class Member intends to appear at the Final Approval Hearing, and (vi) the Settlement Class Member's

11

signature. If the Settlement Class Member is represented by counsel, the notice of objection shall also be signed by the attorney who represents the Settlement Class Member.

49. Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Settlement Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expense request in this or any other proceeding.

## FEES AND COSTS APPLICATION

50. Class Counsel may file any application and supporting materials seeking an award of fees and costs, and any service awards to the Named Plaintiffs, within 20 days from entry of this Order.

## STAY AND INJUNCTION

51. All other proceedings in the Actions are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed Settlement. No discovery with regard to any of these Actions, or with respect to this Settlement, shall be permitted other than as described in the Settlement Agreement or otherwise directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules. In addition, pending a determination on final approval of the Settlement, all Settlement Class Members are hereby

barred and enjoined from commencing or prosecuting any action involving any Released Claims.

## QUALIFIED SETTLEMENT FUND

52.  To the extent permitted by law, the Settlement Fund being established under the Settlement Agreement may be treated as a qualified settlement fund pursuant to applicable United States Treasury Regulations.

## SUMMARY OF DEADLINES

53. The following are the deadlines for the following events:

| **EVENT** | **DATE** |
|---|---|
| Summary Notice Mailed and Settlement Website Created | January 17, 2021 (Within 30 days after this Order) |
| Publication Notice | January 17, 2021 (Within 30 days after this Order) |
| Affidavits of Compliance with Notice Requirements | May 10, 2021 (7 days prior to Final Approval Hearing) |
| Filing Motion for Attorney Fees, Service Awards and Reimbursement of Expenses | January 7, 2021 (Within 20 days after this Order) |
| Postmark/Filing Deadline for Requests for Exclusions and Objections | March 18, 2021 (Within 90 days after this Order) |
| Service/Filing Notice of Appearance at Fairness Hearing | March 18, 2021 (Within 90 days after this Order) |
| Filing Reply to Objections to Settlement and/or Attorneys' Fees and Expenses | April 17, 2021 (Within 120 days after this Order) |
| Filing Motion for Final Approval To be Filed by Class Counsel | May 3, 2021 (14 days prior to the Final Approval Hearing) |

13

Final Approval Hearing                                                          May 17, 2021

54.     The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights as described above.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 18, 2020**
**Charleston, South Carolina**

14